

**FILED**

JUN 0 8 2015

**U.S. DISTRICT COURT-WVND**
**CLARKSBURG, WV 26301**

United States Department of Justice

*William J. Ihlenfeld, II*
*United States Attorney's Office*
*Northern District of West Virginia*

Derek W. Hotsinpiller Federal Building
320 West Pike Street           Phone: (304) 623-7030
Suite 300                            FAX: (304) 623-7031
Clarksburg, WV  26301

April 29, 2015

**VIA EMAIL:**
L. Richard Walker
Federal Public Defender Office
230 W. Pike St., Suite 360
Clarksburg, WV 26302

       Re:   United States v. Patrick Ganim
             Criminal No.: 1:15CR19

Dear Mr. Walker:

    This will confirm our emails concerning your client, Patrick Ganim.  It is agreed between the United States and your client as follows:

    1.     Mr. Ganim will plead guilty to Count One of the Indictment, charging him with travel with intent to engage in illicit sexual conduct in violation of Title 18, United States Code, Section 2423(b).

    2.     The maximum penalty to which Mr. Ganim will be exposed by virtue of his plea of guilty to Count One, as stated in paragraph 1 above, is imprisonment for a term not more than thirty (30) years, a fine of not more than $250,000.00, a period of supervised release of five (5) years to life, and a special mandatory assessment of $100.00 (18 U.S.C. § 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.

    3.     Mr. Ganim will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Ganim will agree to submit to a polygraph examination if requested to do so

_____
Patrick Ganim

    5-4-15
_____
Date

_____
L. Richard Walker
Counsel for Mr. Ganim

    5-4-15
_____
Date

L. Richard Walker
April 29, 2015
Page 2

by the United States Attorney's Office for the Northern District of West Virginia. Nothing contained in any statement or any testimony given by Mr. Ganim, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution by the United States.

4.      The United States is authorized to state that the Prosecuting Attorney's Office of Preston County, West Virginia, will not prosecute Mr. Ganim for the conduct which forms the basis for the federal Indictment returned against Mr. Ganim.

5.      It is understood that any information obtained from Mr. Ganim in compliance with this cooperation agreement will be made known to the sentencing Court although, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Ganim's applicable advisory guideline range.[1]  Such information may be used by the Court, the probation office and the United States to support the United States' contention that Mr. Ganim's offense level, before any reductions for acceptance, is a level 35.  Furthermore, if, in the opinion of the United States Attorney's Office, Mr. Ganim breaches this plea agreement, then any statement by Mr. Ganim made pursuant to this plea agreement and any evidence derived therefrom, directly or indirectly, may be used against him without limitation. However, this agreement does not prevent Mr. Ganim from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.  In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Ganim for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

6.      At final disposition, the United States will advise the Court of Mr. Ganim's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

7.      There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final

---

[1] All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

_____          5-4-15
Patrick Ganim                            Date

_____          5-4-15
L. Richard Walker                        Date
Counsel for Mr. Ganim

L. Richard Walker
April 29, 2015
Page 3

disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B). Mr. Ganim understands, however, that the Court is not bound by these sentence recommendations, and that Mr. Ganim has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

8.      Provided Mr. Ganim pays the $100.00 special assessment fee on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following nonbinding recommendations: 1) if, in the opinion of the United States Attorney's Office, Mr. Ganim accepts responsibility, or if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should Mr. Ganim give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this agreement, the United States will recommend an additional one level for timely acceptance of responsibility if this agreement is signed and returned to the United States Attorney's Office by **12:00 p.m. on May 6, 2015**; and 3) the United States will recommend that any sentence of incarceration imposed should be at the lowest end of the applicable guideline range.

9.      If, in the opinion of the United States, Mr. Ganim either engages in conduct defined under the Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, including providing a complete and truthful debriefing, then the United States will not be bound to make the foregoing recommendations, and Mr. Ganim will not have the right to withdraw the plea.

10.      Pursuant to Sections 6B1.4 (Stipulations (Policy Statement)) and 1B1.3 (Relevant Conduct), the parties stipulate that on or about October 1, 2014, in Preston County, West Virginia, in the Northern District of West Virginia, and elsewhere, the defendant Patrick W. Ganim traveled in interstate commerce from outside the state of West Virginia to Preston County, West Virginia for the purposes of engaging in illicit sexual conduct with another person. The parties further stipulate that Mr. Ganim, who was 29 years old at the time, travelled from outside the state of West Virginia to Preston County, West Virginia, where he committed West Virginia offenses of Third Degree

_____          _5-4-15_____
Patrick Ganim                                                   Date

_____          **5-4-15**_____
L. Richard Walker                                          Date
Counsel for Mr. Ganim

L. Richard Walker
April 29, 2015
Page 4

Sexual Assault by engaging in anal and oral sexual intercourse with a 12 year old person. The parties further stipulate and agree that the appropriate base offense level is 24, pursuant to Guideline 2G1.3(a)(4).  The parties further stipulate and agree that a two-level enhancement applies for undue influence given that the victim was more than ten years younger that Mr. Ganim, pursuant to Guideline 2G1.3(b)(2)(B). The parties further stipulate and agree that a two-level enhancement applies for the use of a computer, pursuant to Guideline 2G1.3(b)(3)(A). The parties further stipulate and agree that a two-level enhancement applies for sexual contact, pursuant to Guideline 2G1.3(b)(4)(A). The parties further stipulate and agree that a five-level increase applies for pattern of activity, pursuant to Guideline 4B1.5(b).  The parties agree that no further enhancements apply.

11.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Mr. Ganim's background criminal record, offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion.  The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by Mr. Ganim or by his counsel.

12.     Mr. Ganim understands that the United States Sentencing Guidelines are now advisory and no longer mandatory.  It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offense of conviction.

13.     Mr. Ganim is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, if Mr. Ganim's Adjusted Offense Level (Subtotal) is level 35 or less (before any reduction for Acceptance of Responsibility), and the court does not vary or depart above that level, then Mr. Ganim waives the right:

_____          5-4-15
Patrick Ganim                                         Date

_____          5-4-15
L. Richard Walker                                   Date
Counsel for Mr. Ganim

L. Richard Walker
April 29, 2015
Page 5

        a.      to appeal any order, the conviction and any sentence, including those grounds set forth in 18 U.S.C. § 3742; and

        b.      to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.  Nothing in this paragraph, however, will act as a bar to Mr. Ganim perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  Mr. Ganim agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

        14.      If Mr. Ganim's plea is not accepted by the Court or is later set aside or if Mr. Ganim breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

        15.      The above fourteen (14) paragraphs constitute the entire agreement between Mr. Ganim and the United States of America in this matter.  There are no agreements, understandings or promises between the parties other than those contained in this agreement.

                      Sincerely,
                      WILLIAM J. IHLENFELD II
                      United States Attorney

        By:    Sarah W. Montoro
              Assistant United States Attorney

As evidenced by my signature at the bottom of the five (5) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____       _____
Patrick Ganim                         Date

_____       _____
L. Richard Walker                    Date
Counsel for Mr. Ganim