**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4673

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

PATRICK W. GANIM,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:15-cr-00019-IMK-MJA-1)

Submitted:  May 18, 2016                    Decided:  May 20, 2016

Before SHEDD, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Senior Litigator, Kristen M. Leddy, Research and Writing Specialist, FEDERAL PUBLIC DEFENDER'S OFFICE, Martinsburg, West Virginia, for Appellant. Sarah W. Montoro, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick W. Ganim pled guilty, pursuant to a written plea agreement, to interstate travel with intent to engage in illicit sexual conduct, 18 U.S.C. § 2423(b)(2012), and was sentenced to a within-Guidelines term of 130 months' imprisonment. He noted a timely appeal. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal, but questioning the reasonableness of Ganim's sentence. Although informed of his right to do so, Ganim has not filed a pro se supplemental brief. Finding no error, we affirm.

We review Ganim's sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). Our review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51. We first assess whether the district court properly calculated the advisory Sentencing Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a)(2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. If we find no procedural error, we review the sentence for substantive reasonableness, "examin[ing] the totality of the circumstances[.]" United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). "Any sentence that is within or below

a properly calculated Guidelines range is presumptively [substantively] reasonable" and "[s]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, ___ U.S. ___, 135 S.Ct. 421 (2014).

We conclude that Ganim's sentence is procedurally and substantively reasonable. The district court correctly calculated Ganim's Guidelines range, listened to counsel's arguments, and adequately explained its reasons for imposing the 130-month sentence. Further, Ganim offers nothing to rebut the presumption of substantive reasonableness this court affords his within-Guidelines sentence. We thus conclude that Ganim's sentence is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires counsel to inform Ganim, in writing, of the right to petition the Supreme Court of the United States for further review. If Ganim requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Ganim. We dispense with oral argument because the facts and

legal arguments are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
